UNITED STATES of America,
Appellee,

v.

Christiaan Dewet SPIES, also known
as David, Defendant–Appellant–
Petitioner,

Nikolai Nadirashvili, also known as Ni-
koloz Nadirashvili, also known as Ni-
kush, Levan Chvelidze, Dimitriy Voro-
beychik, Ioseb Kharabadze, also
known as Soso, and Artur Solomo-
nyan, also known as Alex, Defen-
dants–Appellants,

Joseph Colpani, also known as Joe, Mi-
chael Guy Demare, also known as Mi-
chel, Armen Razmik Barseghyan,
Spartak Vahagn Yeribekyan, Levon
Solomonyan, Allah McQueen, Rajab
Chavis, also known as Jabs, also
known as Keith Chavis, Garegin Gas-
paryan, also known as Garik, Michael
Jimenez, also known as Mike, Nieman
Myles, also known as Luis, William
Jesus Thomas, Vakhtang Machitidze,
Tigran Gevorgyan, also known as
Tiko, Armand Abramian, also known
as Armo, Defendants.

Docket No. 09–3266–cr (CON).

United States Court of Appeals,
Second Circuit.

Petition for Rehearing Filed:
Feb. 9, 2011.

Decided: Nov. 29, 2011.

John Burke, Brooklyn, NY, for Defen-
dant–Appellant–Petitioner Spies.

Before: WINTER, POOLER, and
HALL, Circuit Judges.

WINTER, Circuit Judge:

Appellant Spies petitions for a rehearing of our decision in *United States v. Nadirashvili*, 655 F.3d 114 (2d Cir.2011). In that decision, we, *inter alia*, vacated appellant Solomonyan's sentence because the district court used the incorrect standard—preponderance of the evidence—in applying two offense level enhancements under the Federal Sentencing Guidelines for the involvement of: (i) 200 or more firearms, under U.S.S.G. § 2K2.1(b)(1)(E); and (ii) a destructive device, under U.S.S.G. § 2K2.1(b)(3)(A).

Spies argues that his sentence should also be vacated because the district court used the preponderance of the evidence standard in applying the same offense enhancements in the calculation of his guidelines sentence. We agree. We also, *sua sponte*, take note that the same incorrect standard was used in applying the destructive device enhancement as to appellant Kharabadze. While neither appellant argued this point in their respective briefs,[1] and Kharabadze has not filed a motion for rehearing, we believe that it is in the inter-

---

1. Spies did state in his brief that he intended to join the arguments of his co-appellants applicable to him but did not reference his sentencing procedure, which was of course separate from that of Solomonyan. Nevertheless, the interests of justice require us to address the argument.

est of justice to vacate both of their sentences.

We therefore grant the petition for rehearing, vacate the sentences of Spies and Kharabadze, and remand to the district court for resentencing consistent with our prior opinion.